UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RALPH T. PESCRILLO,

                          Appellant,

        v.                                                    **DECISION AND ORDER**
                                                              14-CV-1083S

HSBC BANK USA, NATIONAL ASSOCIATION,

                          Appellee.

## I. INTRODUCTION

Ralph T. Pescrillo appeals from the bankruptcy court's (Kaplan, J.) Order granting HSBC Bank USA, National Association's ("HSBC") request for relief from the bankruptcy stay provisions pursuant to 11 U.S.C. § 362(d)(1) as it relates to HSBC's interest in real property known as 7328 Buffalo Avenue, 118 74th Street, and 3803 Packard Road ("the properties"), all situated in Niagara Falls, N.Y.[1]  For the reasons that follow, the bankruptcy court's decision is affirmed.[2]

## II.  BACKGROUND

The underlying facts are not in dispute.  In June 2007, Gift's-Villa LLC, a New York limited liability company, executed a $464,000 note and mortgage on the properties in favor of HSBC.  Under the terms of the note, Gift's-Villa was to pay the principal sum of $464,000 in 84 monthly installments between August 1, 2007, and July 1, 2014, with the remaining balance due thereafter.

---

[1]The properties are multi-unit apartment buildings.

[2]Pescrillo also moves for a stay pending appeal (Docket No. 7), which is moot in light of this Court's resolution of Pescrillo's appeal.

Beginning in 2010, Gift's-Villa failed to meet its monthly payment obligations.  This resulted in HSBC obtaining a judgment of foreclosure and sale for the properties and Gift's-Villa filing a Chapter 11 bankruptcy petition to, at least in part, avoid the foreclosure sale. The bankruptcy court dismissed Gift's-Villa's petition on March 14, 2013, for failure to prosecute.

Several months later, in May 2013, one of the owners of Gift's-Villa, Wendy Gift, transferred her ownership interest to an investment group consisting of U Wash, Inc. and R.T.P. Property Management, LLC.[3]   Gift's-Villa, under this new ownership group, continued to own the properties.

In the meantime, HSBC, with Gift's-Villa's bankruptcy petition having been dismissed, scheduled a second foreclosure sale for May 22, 2013.  But on the eve of the sale, Gift's-Villa filed a second Chapter 11 bankruptcy petition, which again stayed the foreclosure sale.  Several more months later, in December 2013, Pescrillo purchased U Wash, Inc.'s ownership share of Gift's-Villa. After an unsuccessful attempt to settle the matter through a stipulated order, the bankruptcy court dismissed Gift's-Villa's second petition on July 3, 2014, again for failure to prosecute.

Two more events occurred in early July 2014: first, the balloon payment on the mortgage became due on July 1, 2014; second, Gift's-Villa conveyed the properties to Pescrillo by way of quitclaim deed on July 3, 2014.  Thereafter, on September 30, 2014, Pescrillo filed a Chapter 11 bankruptcy petition to restructure various real property tax arrears on his various real estate holdings, a filing that again occurred on the eve of

---

[3]Pescrillo is the sole member and officer of R.T.P. Property Management, LLC.

HSBC's scheduled foreclosure sale.   HSBC then sought an order from the bankruptcy court terminating the automatic stay provisions as it related to the properties.   The bankruptcy court granted HSBC's request on December 10, 2014, over Pescrillo's opposition, finding that HSBC was entitled to relief from the stay due to a lack of contractual privity between HSBC and Pescrillo.   HSBC promptly scheduled a fourth foreclosure sale for February 3, 2014.

This timely appeal followed.

## III.  DISCUSSION

### A.    Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*.   See In Re Lehman Brothers Holdings, Inc., No. 14-CV-8680 (VEC), 2015 WL 247403, at *2 (S.D.N.Y. Jan. 20, 2015)(citing cases).   But the decision whether to grant relief from an automatic stay is one committed to the bankruptcy court's discretion and is therefore reviewed under an abuse-of-discretion standard.   See In re Bousa, No. 05 Civ. 230(PKL), 2005 WL 1412961, at *3 (S.D.N.Y. June 15, 2005); In re Adelphia Commc'n Corp., 298 B.R. 49, 52 (S.D.N.Y. 2003) (quoting In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999)).   A bankruptcy court abuses its discretion when it commits a clear error of judgment or bases its decision on an erroneous view of the law or clearly erroneous factual findings.   See Kinney v. Gallagher, No. 14-CV-6233 EAW, 2015 WL 300914, at *3 (W.D.N.Y. Jan. 23, 2015) (citing Sears, Roebuck & Co. v. Spivey, 265 B.R. 357, 364 (E.D.N.Y. 2001)).

**B.    Analysis**

At issue is whether the bankruptcy court abused its discretion in granting HSBC's motion for relief from the automatic stay provisions under 11 U.S.C. § 362(d)(1).[4]

In Parks, the bankruptcy court in the Western District of New York held that a debtor has no right to restructure a mortgage as part of a Chapter 13 bankruptcy plan if he is not in privity with the mortgagee.  In re Parks, 227 B.R. 20, 21 (Bankr. W.D.N.Y. 1998); see also In re Kizelnik, 190 B.R. 171 (Bankr. S.D.N.Y. 1995)(same).  In particular, the court held that a mortgagee cannot be forced "to accept installment payments of the redemption amount at least where, as here, the debtor and the mortgagee are not in privity of contract." Parks, 227 B.R. at 21.

Similar to this case, the debtor in Parks obtained the property at issue after the original borrower had defaulted on his obligations under the mortgage.  The debtor then attempted to restructure the mortgage in Chapter 13 proceedings to avoid a foreclosure sale.  In response, the mortgagee moved to lift the automatic stay.  In granting the mortgagee's request, the court found that the law did not "extend to include modification of a secured claim already in place when the debtor equitably or legally acquired the property."  Id. at 25.

Although a Chapter 13 case, Parks stands for the proposition that a debtor has no right to restructure mortgages in bankruptcy when the debtor is not in privity with the mortgagee.  Id. at 21.  This is because "[t]o revive an agreement under which the debtor

---

[4]Eleven U.S.C. § 362(d)(1) provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [11 U.S.C. § 362 (a)], such as by terminating, annulling, modifying, or conditions such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest."

has no rights, or to revive a legal status that only someone other than the debtor may assert, is nonsensical." Id. at 23.  This has been the governing standard in this district for more than 16 years.

Nonetheless, Pescrillo argues that the bankruptcy court should have set aside Parks and instead relied on the United States Supreme Court's decision in Johnson v. Home State Bank, although he fails to persuasively demonstrate how Johnson is governing.  In Johnson, the Court held that a debtor can include a mortgage lien in a Chapter 13 bankruptcy reorganization plan despite that the personal obligation secured by the mortgaged property had been discharged in a Chapter 7 proceeding, because the mortgage lien in that circumstances remains a "claim" against the debtor that can be rescheduled under Chapter 13.  501 U.S. 78, 80, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

But unlike Pescrillo and HSBC, the debtor and creditor in Johnson were in privity of contract, the debtor having given the creditor a mortgage to secure certain promissory notes totaling approximately $470,000.  Johnson, 501 U.S. at 80.  Johnson is thus distinguishable and does not govern here, where it is undisputed that there is a lack of privity.  The bankruptcy court was therefore well within its discretion not to rely on Johnson, particularly in light of Parks.  See In re Curinton, 300 B.R. 78, 80 (Bankr. M.D.Fla. 2003) (discussing split of authority concerning impact of Johnson and collecting cases, including Parks).

Pescrillo further argues that the bankruptcy court should have followed cases outside of this district that are contrary to Parks.  See, e.g., In re Cady, 440 B.R. 16 (N.D.N.Y. 2010); In re Allston, 206 B.R. 297 (Bankr. E.D.N.Y. 1997); In re Rutledge, 208 B.R. 624 (Bankr. E.D.N.Y. 1997).  Those decisions are not precedential.  Parks, however,

is alive and well in this district, and Pescrillo makes no persuasive case for its demise.  Nor does Pescrillo make the case that the bankruptcy court based its decision to grant relief from the stay on an erroneous view of the law or clearly erroneous factual findings.  This Court therefore finds no abuse of discretion.  See Kinney, 2015 WL 300914, at *3.

## IV.  CONCLUSION

For the reasons stated above, this Court finds that the bankruptcy court did not abuse its discretion in granting HSBC's request for relief from the bankruptcy stay pursuant to 11 U.S.C. § 362(d)(1).  The bankruptcy court's Order is affirmed.

## V. ORDERS

IT HEREBY IS ORDERED, that Appellant's Appeal (Docket No. 1) is DENIED.

FURTHER, that the Bankruptcy Court's Order is AFFIRMED.

FURTHER, that Appellant's Motion to Stay Pending Appeal (Docket No. 7) is DENIED as moot.

FURTHER, that the Clerk of the Court is directed to CLOSE this case.

SO ORDERED.


Dated:      January 30, 2015
            Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court